David L. Mazaroli (DM-3929)
Attorney for Plaintiffs
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480

------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| ACCESS BUSINESS GROUP INTERNATIONAL LLC and cargo insurers, | : | ECF CASE |
| | : | |
| Plaintiffs, | | 07 Civ. 6481 (PKL) |
| | : | |
| - against - | | **COMPLAINT** |
| | : | |
| BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY; BURLINGTON NORTHERN SANTA FE CORP.; BNSF RAILWAY COMPANY; NIPPON YUSEN KABUSHIKI KAISHA; NIPPON YUSEN KAISHA; NYK LINE; NYK LINE (NORTH AMERICA) INC.: | : : : | |
| Defendants. | | |

------------------------------------------------------------x

Plaintiffs through their undersigned attorney, allege as follows for their complaint against defendants upon information and belief:

**FIRST CAUSE OF ACTION**

1. This action includes a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1333 and 1337 as this action arises from the intermodal transportation of goods involving ocean carriage and interstate rail carriage and is governed by federal statutes related thereto, including the Carmack Amendment to the Interstate Commerce Act of 1887 ("Carmack"), Act of June 29, 1906, ch. 3591, 34 Stat. 584 (1906) (current version at 49 U.S.C. § 11706).

2. Plaintiffs seek recovery for cargo loss and damage caused by defendants' breaches of contract and torts.

3. Plaintiff Access Business Group International LLC ("ABGIL") is a corporation organized under the laws of one of the fifty states and sues here in as and for the shipper and owner of the cargo in suit.

4. ABGIL also sues herein on behalf of the intended consignee and purchaser of the cargo and the insurer of the cargo, Royal & Sun Alliance Insurance PLC, as their respective interests may now or ultimately appear.

5. Defendant BNSF Railway Company, also doing business as Burlington Northern and Santa Fe Railway Co. ("BNSF"), and NYK Line (North America) Inc. ("NYKNA") are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states.

6. Defendant Nippon Yusen Kaisha and Nippon Yusen Kabushiki Kaisha (jointly "NYK Line"), also doing business as NYK Line, are believed to be corporations organized under the laws of a foreign sovereign.

7. Upon information and belief defendants at all material times conducted business as common carriers of cargo, and the provision of services related thereto, including the pick up, carriage and delivery of cargo within the State of New York, and the contracting to provide such services to entities domiciled in New York and are therefore subject to the *in personam* jurisdiction of this Honorable Court.

8. This action involves damage and loss to shipments of various Amway products, including but not limited to chemicals and household, personal and houseware products, which moved, or were intended to move, from the United States (Ada,

Michigan) to destinations in Japan, Thailand, and Australia, in containers NYKU6332043, TRLU5114019, and TTNU433763, and others, with intended ocean carriage aboard a vessel designated by NYK Line which was to depart from the port of Los Angeles. (NYK Line ref. SCA/06/1687/11; BNSF ref.: 496838-29)

10. On or about July 6, 2006 the shipment was delivered to NYK Line, or entities acting on its behalf, in full, complete and good order and condition at or near Ada, Michigan.

11. NYK Line provided shipping containers NYKU6332043, TRLU5114019, and TTNU433763, and others, for the transport of the shipment from the place of receipt to the places of intended delivery and the Amway products in question were loaded into said containers in good order and condition and without evidence of damage.

12. NYK Line designated BNSF to transport the shipments by interstate rail to the port of intended ocean vessel departure at or near Los Angeles.

13. On or about July 18, 2006, while BNSF was transporting the shipment still loaded in the NYK Line-provided containers, the subject cargo sustained damage and loss as the result of a derailment which occurred at or near Neosho Rapids, Kansas.

14. As a result of the damage and loss sustained, the cargo was rendered unfit for intended usage.

15. By reason of the aforesaid, plaintiffs, and those on whose behalf they sue, sustained damages in the amount of $450,000.00, no part of which has been paid although duly demanded.

16. Plaintiffs sue herein on their own behalf and as agents and trustees for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

17. Plaintiffs have performed all conditions precedent required of them under the premises.

## SECOND CAUSE OF ACTION

18. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 17 of this complaint.

19. With respect to the interstate rail carriage of the cargo from the place of origin to the intended port of ocean vessel loading BNSF was at all material times engaged in the business of a rail carrier, or the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

20. With respect to the interstate rail carriage of the cargo from the place of origin to the intended port of ocean vessel loading NYK Line was at all material times engaged in the business of a rail carrier, or the offering or providing of rail carrier services, and was a receiving, delivering and/or other carrier within the meaning of the Carmack Amendment.

21. The damage sustained to the shipments in suit was proximately caused by events during interstate rail carriage while the shipment was in the actual, constructive, or contractual custody of NYK Line, BNSF, and entities acting on their behalf.

22. The damage to the shipments was not caused by events which would constitute a defense or exception to liability under the Carmack Amendment.

23. As a result of the aforesaid, defendants are liable, without limitation of any kind, as carriers and/or forwarders under the Carmack Amendment.

## THIRD CAUSE OF ACTION

24. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 17 of this complaint.

25. Defendants agreed and promised to perform services and act as carriers or bailees of the shipments, and defendants are liable to plaintiffs for breach of said agreements and of their obligations as carriers of goods for hire and/or bailees under applicable contracts or law (including federal common law) for the damage and loss to the shipment.

## FOURTH CAUSE OF ACTION

26. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 17 of this complaint.

27. Defendants, or entities acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which were reasonable required under the premises and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate security measures for the shipment as were reasonably required under the premises.

28. The damage to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

## FIFTH CAUSE OF ACTION

29. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 17 of this complaint.

30. The loss and damage to the shipment in suit was caused in whole or in part by defendants' material deviations from, and their fundamental breaches of, the governing carriage contracts.

## SIXTH CAUSE OF ACTION

31. Plaintiffs repeat and reallege the allegations in Paragraphs 1 through 17 of this Complaint.

32. The Service Contract between ABGIL and NYK Line states that it is governed by the laws of the state of New York and by the Shipping Act of 1984 as amended by the Ocean Shipping Reform Act ("OSRA") and further states that any dispute in connection with the contract shall be resolved by arbitration in New York.

33. If, and to the extent, the cargo loss and damage claims in suit are subject to arbitration, and without prejudice to any of plaintiffs' rights to have the claims adjudicated by this Honorable Court, plaintiffs demand arbitration and appoint Ms. Lucienne Bulow (mailing address 290 West End Avenue, New York, NY 10023-8106; telephone: (212) 580-5016; telefax: (212) 580-5017; e-mail: luciennebulow@rcn.com )

WHEREFORE, plaintiffs respectfully requests that judgment be entered against defendants jointly and severally:

a) for the sum of $450,000.00;

b) for prejudgment interest at the rate of 9% per annum from the date the cargo was delivered;

c) for the costs of this action;

d) for such other and further relief as this Court deems proper and just.

Date:   New York, New York
        July 17, 2007

                                  *s/David L. Mazaroli*

                                  _____
                                  David L. Mazaroli (DM 3929)
                                  Attorney for Plaintiffs
                                  11 Park Place - Suite 1214
                                  New York, New York 10007
                                  Tel.: (212)267-8480
                                  Fax.: (212)732-7352
                                  E-mail: dlm@mazarolilaw.com
                                  File No.: 7R-1524