UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ACCESS BUSINESS GROUP INTERNATIONAL
LLC and cargo insurers,

                Plaintiffs,

       - against -

BURLINGTON NORTHERN SANTA FE RAILWAY
COMPANY; BURLINGTON NORTHERN SANTA
FE CORP.; BNSF RAILWAY COMPANY; NIPPON
YUSEN KABUSHIKI KAISHA; NIPPON YUSEN
KAISHA; NYK LINE; NYK LINE (NORTH
AMERICA) INC.,

                Defendants.
-------------------------------------------------------------------X

**ANSWER TO COMPLAINT**

07 CIV 6481

Defendants BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY;
BURLINGTON NORTHERN SANTA FE CORP.; BNSF RAILWAY COMPANY; NIPPON
YUSEN KABUSHIKI KAISHA; NIPPON YUSEN KAISHA; NYK LINE; NYK LINE (NORTH
AMERICA) INC. ("Defendants" or "Answering Defendants"), by their attorneys, Landman Corsi
Ballaine & Ford P.C., hereby answer the Amended Complaint herein as follows:

FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph "1" of the Complaint and refer all matters of law to the
Court.

SECOND: Defendants deny the truth of each and every allegation contained in paragraph
"2" of the Complaint.

THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph "3" of the Complaint.

FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "4" of the Complaint.

FIFTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

SIXTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint and refer all questions of law to the Court.

EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

NINTH: There is no paragraph "9" in the Complaint.

TENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint.

ELEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

TWELFTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

THIRTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

FOURTEENTH: Defendants deny the truth of each and every allegation contained in

paragraph "14" of the Complaint.

FIFTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "15" of the Complaint.

SIXTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint and refer all questions of law to the Court.

SEVENTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "17" of the Complaint.

## WITH RESPECT TO A SECOND CAUSE OF ACTION

EIGHTEENTH: With respect to the allegations contained in paragraph "18" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "SEVENTEENTH" of this Answer with the same force and effect as if fully set forth at length herein.

NINETEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint and refer all questions of law to the Court.

TWENTIETH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint and refer all questions of law to the Court.

TWENTY-FIRST: Defendants deny the truth of each and every allegation contained in paragraph "21" of the Complaint.

TWENTY-SECOND: Defendants deny the truth of each and every allegation contained in

paragraph "22" of the Complaint.

TWENTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "23" of the Complaint.

## WITH RESPECT TO A THIRD CAUSE OF ACTION

TWENTY-FOURTH: With respect to the allegations contained in paragraph "24" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWENTY-THIRD" of this Answer with the same force and effect as if fully set forth at length herein.

TWENTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "25" of the Complaint.

## WITH RESPECT TO A FOURTH CAUSE OF ACTION

TWENTY-SIXTH: With respect to the allegations contained in paragraph "26" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWENTY-FIFTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWENTY-SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "27" of the Complaint.

TWENTY-EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "28" of the Complaint.

## WITH RESPECT TO A FIFTH CAUSE OF ACTION

TWENTY-NINTH: With respect to the allegations contained in paragraph "29" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs

"FIRST" through "TWENTY-EIGHTH" of this Answer with the same force and effect as if fully set forth at length herein.

THIRTIETH: Defendants deny the truth of each and every allegation contained in paragraph "30" of the Complaint.

## WITH RESPECT TO A SIXTH CAUSE OF ACTION

THIRTY-FIRST: With respect to the allegations contained in paragraph "31" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "THIRTIETH" of this Answer with the same force and effect as if fully set forth at length herein.

THIRTY-SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint and refer all questions of law to the Court.

THIRTY-THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint and refer all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Defendant Burlington Northern Sante Fe Corporation is not a proper party to this action.

## SECOND AFFIRMATIVE DEFENSE

THIRTY-FIFTH: This action, as it pertains to Burlington Northern Santa Fe Corporation, is frivolous.

## THIRD AFFIRMATIVE DEFENSE

THIRTY-SIXTH: Any injuries suffered by plaintiffs, their agents or principals were caused solely by their own negligence and not by any negligence of the answering defendants.

## FOURTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: Any injuries suffered by plaintiffs, their agents or principals, were caused, in part, by their own negligence, and any recovery by plaintiffs must be diminished in proportion to that part of its injuries attributable to their own negligence or that of their agents or principals.

## FIFTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH: Any injuries suffered by plaintiffs were not caused by a negligent act or omission of answering defendants or any individual acting under their direction or control.

## SIXTH AFFIRMATIVE DEFENSE

THIRTY-NINTH: Plaintiffs failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

FORTIETH: Plaintiffs are not proper parties to this action.

## EIGHTH AFFIRMATIVE DEFENSE

FORTY-FIRST: There is a per package maximum limitation provision.

## NINTH AFFIRMATIVE DEFENSE

FORTY-SECOND: This action is time barred.

## TENTH AFFIRMATIVE DEFENSE

FORTY-THIRD: The Complaint fails to state a cause of action upon which relief can be

granted.

## ELEVENTH AFFIRMATIVE DEFENSE

FORTY-FOURTH: In the event that plaintiffs have no title or interest in the shipment that is the subject matter of this action, then plaintiffs are not the real party in interest herein and are not entitled to maintain this suit.

## TWELFTH AFFIRMATIVE DEFENSE

FORTY-FIFTH: The contract of carriage does not contemplate responsibility for special or consequential damages.  To the extent that plaintiffs seeks special and/or consequential damages, answering defendants are not responsible for such amounts.

## THIRTEENTH AFFIRMATIVE DEFENSE

FORTY-SIXTH: If the shipment referred to in the Complaint suffered any loss, damage and/or delay, which is herein expressly denied, such loss, damage and/or delay was caused by acts or omissions by a third-party or a party over whom answering defendants have no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

FORTY-SEVENTH:  Answering defendants are not guilty of any negligence which was a proximate cause of any alleged incident, injuries or damages of which plaintiffs complain.

## FIFTEENTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH:  Any accident, damages and injuries alleged to have occurred was solely due to the negligence of plaintiffs or others acting on their behalf.

## SIXTEENTH  AFFIRMATIVE DEFENSE

FORTY-NINTH: In the event that answering defendants handled the subject shipment, when whatever shipments were received for transportation by answering defendants was accepted in

accordance with, and subject to all terms and conditions of the bill of lading contract and all applicable transportation contracts, classifications and tariffs, rules and regulations set forth herein, and the rules, regulations and practices of answering defendants, which together form the contract of carriage respecting the transportation of such shipment.  In the event that answering defendants handled the subject shipment, answering defendants duly performed all the terms and conditions of said contract of carriage on its part to be performed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

FIFTIETH: In the event that answering defendants handled the subject shipment, then to the extend that answering defendants did not load, count or secure the subject shipment, they cannot be held liable for any damage to the shipment caused by improper loading and/or securement based upon the provisions of applicable law.

## EIGHTEENTH  AFFIRMATIVE DEFENSE

FIFTY-FIRST: To the extend that the contract of carriage including the tariffs and the applicable law thereto, provided for any limitation of liability for any loss or damage to the shipment in question, plaintiffs cannot recover in excess of this amount.

## NINETEENTH AFFIRMATIVE DEFENSE

FIFTY-SECOND: Answering Defendants are not responsible for damage caused by the inherent vice or defects in the shipment.

## TWENTIETH  AFFIRMATIVE DEFENSE

FIFTY-THIRD: Answering Defendants are not subject to personal jurisdiction in this forum.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

FIFTY-FOURTH: This action should be dismissed based upon improper venue.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

FIFTY-FIFTH: This action should be dismissed pursuant to the doctrine of <u>forum</u> <u>non</u> <u>conveniens</u>.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

FIFTY-SIXTH:  Plaintiffs have not fully complied with the provisions of the Burlington Northern Santa Fe Intermodal Rules & Policies Guide.

**WHEREFORE**, answering defendants demand judgment dismissing the Amended Complaint herein, together with the costs and disbursements of this action.

Dated: New York, New York
   September 25, 2007

       Respectfully submitted,

       LANDMAN CORSI BALLAINE & FORD P.C.

       By:_____
         Ronald E. Joseph (RJ 9302)
       Attorneys for Defendants
       120 Broadway, 27th Floor
       New York, New York  10271-0079
       (212) 238-4800

TO: DAVID L. MAZAROLI
   Attorneys for Plaintiffs
   11 Park Place, Suite 1214
   New York, New York 10007
   (212) 267-8480

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                     ) ss.:
COUNTY OF NEW YORK   )

      **MIRIAM DEIKUN**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at QUEENS, NEW YORK.

      That on the 25th day of September, 2007, deponent served the within **ANSWER TO COMPLAINT**

upon
> David L. Mazaroli
> 11 Park Place, Suite 1214
> New York, New York 10007

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
                      Miriam Deikun

Sworn to before me this
25th day of September 2007

_____
Notary

JELENA BRIGIDA
Notary Public, State of New York
No. 01BR6156932
Qualified in Kings County
Commission Expires Dec. 4, 2010